UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>            Plaintiff, )<br>    )<br>    vs. )<br>    )<br>ADRIAN KIRTZ, )<br>    )<br>            Defendant. ) | Cause No. 1:07-cr-0154 SEB-KPF |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on August 1, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on August 1, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  Proceedings in this matter were held on August 24, 2012 and September 24, 2012,  pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*[1], before Magistrate Judge Kennard P. Foster.

At the proceedings on August 24, 2012, Mr. Kirtz appeared in person and with retained counsel, William Horne; the government appeared by Winfield Ong; and U.S. Parole and Probation

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See*, Title 18, United States Code, Section 3401(e).

appeared by Troy Adamson, U. S. Parole and Probation officer, appeared and participated in the proceedings.

On August 24, 2012, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Kirtz and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

2. Mr. Kirtz was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

3. That Mr. Kirtz would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. That Mr. Kirtz had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

5. That if the preliminary hearing resulted in a finding of probable cause that Mr. Kirtz had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on August 1, 2012.

6. Mr. Horne stated that Adrian Kirtz would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. The government moved to dismiss violations of supervised release numbered 2, 3 and 4, and the same is granted. Mr. Kirtz waived, in writing, the preliminary examination and he was held to answer.

7. Mr. Kirtz, by counsel, asked for a continuance of the hearing and it was granted. The revocation hearing was held in abeyance until September 24, 2012. In the interim, defendant was released on his own recognizance with modified conditions of release.

On September 24, 2012, the Court reviewed prior proceedings held August 24, 2012, including the defendant's right to a preliminary hearing. Mr. Kirtz appeared in person and by counsel, William Horne; Winfield Ong, Assistant U. S. Attorney, appeared for the government; and Troy Adamson, U. S. Parole and Probation officer, appeared and participated in the proceedings. The following proceedings occurred:

8. Mr. Kirtz, by counsel, stipulated that he committed the specification of violation numbered 1 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall report to the probation officer and submit a truthful ad complete written report within the first five days of each month."** |
| | In May, June and July 2012, the offender submitted monthly reports which did not include any earning information. On June 22, 2012, the probation officer met with the offender at his office at Taylor Construction, and requested information regarding his income and monthly outflow. |
| | On June 22, 2012, the probation officer verified with the Indiana Secretary of State that on April 26, 202, the offender became a co-incorporator with Tim Taylor and is one of two "principals" listed for the business. |
| | On July 10, 2012, the offender gave the probation officer a check stub during a home contact which verified he earned $800 every two weeks as an employee at Taylor Construction. Documents found during a search on July 12, 2012, indicate the offender set up a client |

> agreement with ADP, a check issuing company. The offender signed the ADP contract as the "V.P."
>
> The probation officer located a document written by the defendant to Bank of America in an attempt to collect an insurance claim payment for Rigid Construction using the alias name, "Adrian Bonner, account manager." The probation officer located three invoices on the offender's computer sent to the attention of Adrian Bonner at Taylor Construction, dated June-July 2012, from Clemens Seamless Guttering in Muncie.
>
> During the search, the probation officer also found banking documents from multiple accounts at Charger One bank in Ohio from "Rigid Construction" dated June 2008. The defendant's Facebook account indicates he has been the "owner and operator" from "January 2008 to present." In June 2008, monthly deposits t that account were $440,435.14. A balance inquiry from July 31, 2008, indicates a balance of $94,254.24. The probation officer is not aware of this employment and is unsure if the defendant still has access to these funds. On July 13, 2012, the probation officer located a spreadsheet file on the offender's computer dated June 13, 2012, and titled "Rigid Jobs." The file contains a list of nine houses with the names of the clients and their addresses.
>
> Bank account and other documents seized during the search confirm he is a co-owner of Taylor Construction as well as the owner of Rigid Construction in Ohio. The probation officer spoke to Tim Taylor, who confirmed the offender is a co-owner and in control of running the business and all financial decisions. Bank statements from Mutual Bank and Chase Bank from May-June 2012 revealed Taylor Construction deposited $162,010.82.
>
> Based on this information, the defendant failed to submit truthful and complete written reports for the months of May, June, and July 2012.

The Court placed Mr. Kirtz under oath and directly inquired of him whether he admitted the specification of violation of his supervised release set forth above. Mr. Kirtz stated that he admitted the above violation as set forth. The government moved to dismiss specifications of violations numbered 2, 3 and 4, and the Court dismissed the same. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Kirtz has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Kirtz constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Kirtz is 4-10 months.

4) The parties agreed on the appropriate disposition of the case as follows:

   (a) that modification was the appropriate disposition of the case;

   (b) that defendant pay $5,000.00 to the victims involved as partial restitution, on or before December 31, 2012; and

   (c) that defendant shall not open any lines of credit without contacting the probation officer; and

   (d) the defendant shall continue on conditions of supervised release imposed at sentencing.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Kirtz violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Kirtz's supervised release is therefore **MODIFIED** as set forth above.

Counsel for the parties and Mr. Kirtz stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Kirtz entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the

stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Adrian Kirtz's supervised release.

IT IS SO RECOMMENDED this 1st day of October, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Winfield Ong,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William M. Horne
Horne Law LLC
6202 N. College Avenue
Indianapolis, IN 46220

U. S. Parole and Probation

U. S. Marshal